

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA FOR
THE USE AND BENEFIT OF ASPHALT
ROADS AND MATERIALS CO., INC.,

       Plaintiff,

v.                            Case No.: 2:11cv491

WESTERN INSURANCE COMPANY, et al.,

       Defendants,

               - and -

UNITED STATES OF AMERICA FOR
THE USE AND BENEFIT OF E.G.
MIDDLETON, INC.,

       Plaintiff,

v.                            Case No.: 2:11cv495

WESTERN INSURANCE COMPANY, et al.,

       Defendants.

## OPINION AND ORDER

    This matter has been referred to the undersigned United States Magistrate Judge on consent of the parties, pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.  Before the Court are motions for default judgment as against defendant Western Insurance Company, one on behalf of Asphalt Roads & Materials Co., Inc., and the other on behalf of E.G. Middleton, Inc.

## I. **BACKGROUND**

When a party against whom judgment is sought fails to file a responsive pleading or otherwise defend the action, the plaintiff may request, and the court may enter, default judgment against the non-responsive party. Fed. R. Civ. P. 55. Defendant Western Insurance Company ("Western") has failed to file responsive pleadings or to appear in either of these two related cases. As a result, the plaintiffs have moved for default judgment against Western in both cases.

From inception, these two cases have proceeded on parallel tracks. Both cases concern an underlying construction project at the Dam Neck Annex to Oceana Naval Air Station in Virginia Beach, Virginia. In June 2008, defendant Key Turf Construction, Inc. ("Key Turf"), entered into a contract with the United States of America to perform certain improvements to the Sea Mist RV Park at Dam Neck Annex, Contract No. NAVMWR-08-C-0012 (the "Project"). Key Turf entered into subcontracts with each of the plaintiffs, pursuant to which plaintiff Asphalt Roads & Materials Co., Inc. ("Asphalt") was responsible for furnishing labor and materials for asphalt pavement on the Project, and plaintiff E.G. Middleton, Inc. ("Middleton") was responsible for furnishing labor and materials for certain electrical work on the Project.

Pursuant to the Miller Act, 40 U.S.C. §§ 3131 et seq., Key Turf was required to secure a payment bond in the value of the

contract to make prompt payment to Key Turf's subcontractors. Key Turf, as principal, entered into a payment bond with Western, as surety. Western, in turn, entered into a reinsurance contract on the payment bond with defendant Lexon Insurance Company ("Lexon").

On April 20, 2011, Key Turf informed both plaintiffs that it could not pay any outstanding invoices on the Project, and that subcontractors should look to its surety, Western, for payment. At the time, Key Turf owed $60,956.49 to Asphalt and $178,876.00 to Middleton for their completed work on the Project. Shortly thereafter, each plaintiff submitted a Proof of Claim to Western, seeking payment of these outstanding amounts.

Asphalt and Middleton filed substantially identical complaints in this Court on August 31, 2011, and September 1, 2011, respectively. The plaintiffs each named Key Turf, Western, and Lexon as defendants. Both complaints were served on Western's registered agent in Virginia on September 7, 2011. Western has not filed an answer to the complaint in either case.

On November 1, 2011, Utah Insurance Commissioner Neal T. Gooch filed motions to intervene in both cases in his capacity as the court-appointed liquidator of Western Insurance Company (the "Liquidator"). While those motions remained pending, the Clerk entered default as to Western in both cases on November 9, 2011, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The plaintiffs moved for default judgment in both cases on December

- 3 -

6, 2011, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Asphalt has requested default judgment in the amount of $60,956.49.[1]  Middleton has requested default judgment in the amount of $178,876.00.[2]

On December 16, 2011, the Court held a hearing and granted the motions to intervene. The Court briefly stayed the cases to permit the Liquidator to determine whether he would seek to set aside the default and defend these cases on the merits. The stay was lifted on January 26, 2012, but the Court gave the Liquidator until February 29, 2012, to file any motions to set aside default or any responses to the plaintiffs' motions for default judgment. The Liquidator filed neither a motion to set aside default nor a response to the plaintiff's motion for default judgment in either case.

On March 5, 2012, both cases were referred to the undersigned for disposition on consent of the parties, pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure.

---

[1]  Asphalt originally requested an award of prejudgment interest and attorney's fees as well, pursuant to the terms of its contract with Key Turf.  On March 8, 2012, Asphalt amended its motion for default judgment to eliminate the request for interest and attorney's fees.

[2]  The Court notes that, unlike Asphalt, Middleton's contract with Key Turf did not provide for recovery of prejudgment interest or attorney's fees.

On May 24, 2012, the Court held a hearing on the pending motions for default judgment in both cases.  Megan E. Burns, Esq., appeared on behalf of the plaintiffs.  Robert F. Friedman, Esq., appeared on behalf of the Liquidator.  Tami Tichenor was the official court reporter.

## II. <u>JURISDICTION</u>

"Under [28 U.S.C.] § 636(c), a magistrate judge may conduct any or all proceedings in a civil matter and order the entry of judgment in the case when, one, the parties have consented, and two, the district court has specially designated the magistrate judge to exercise such jurisdiction." <u>Neals v. Norwood</u>, 59 F.3d 530, 532 (5th Cir. 1995); <u>see also</u> <u>Gairola v. Va. Dep't of Gen. Servs.</u>, 753 F.2d 1281, 1284-85 (4th Cir. 1985) (upholding constitutionality of Section 636(c)).  "When a magistrate judge enters judgment pursuant to this statute, absence of the appropriate consent and reference or special designation order results in a lack of jurisdiction (or at least fundamental error . . . )." <u>Neals</u>, 59 F.3d at 532.  Under the circumstances presented in this case, the undersigned magistrate judge finds it necessary to examine whether the exercise of consent jurisdiction is appropriate.

First, the Court notes that Section 636(c) requires "the consent of the parties," and Rule 73 requires "the consent of <u>all</u> parties."  28 U.S.C. § 636(c)(1) (emphasis added); Fed. R. Civ. P.

73(a) (emphasis added).   The complaint in each of these cases identifies three defendants: Key Turf, Lexon, and Western.   The Liquidator was later permitted to intervene as a defendant as well.

Although Key Turf is named as a defendant, it has never been served with a copy of the complaint in either case,[3] and therefore it is not a "party" to the litigation.   See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."); see also Saucier v. Katz, 533 U.S. 194, 211 n.1 (2001) ("Though named as a defendant, Parker was never served with the complaint, and therefore did not become a party to this litigation.") (Ginsberg, J., concurring); Cusamano v. Alexander, 691 F. Supp. 2d 312, 315 n.1 (N.D.N.Y. 2009) (noting that defendants named in but not served with a copy of the complaint are not parties to the lawsuit).

---

[3] On August 24, 2011, Key Turf filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code, triggering an automatic stay of any litigation with respect to Key Turf, nationwide.   Based on the docket, the plaintiffs do not appear to have attempted service of the complaint on Key Turf, and even if attempted, service would have been void in light of the automatic bankruptcy stay, which predates the filing of both cases.   On December 9, 2011, the plaintiffs filed a Suggestion of Bankruptcy in both of these cases, and soon thereafter, the Court entered orders staying this litigation as to Key Turf only, with the cases proceeding as to the other parties.

Although Lexon was at one time an active defendant, it has since been dismissed from both actions.  On November 9, 2011, Lexon filed an interpleader action, depositing into the Court all funds at issue between Lexon and Middleton, Asphalt, and Key Turf's other subcontractors.  On December 15, 2011, the plaintiffs voluntarily dismissed their claims against Lexon in both cases by stipulations signed by counsel for the plaintiffs, Lexon, and the Liquidator.

On August 25, 2011, Western had been placed into receivership under the Utah Insurer Receivership Act.  See generally Utah Code §§ 31A-27a-301 et seq.  Utah Insurance Commissioner Neal T. Gooch was appointed rehabilitator of Western and vested with "all the powers of the directors, officers, and managers of the insurer, whose authority is suspended, except as redelegated by the rehabilitator."  See id. § 31A-27a-302(1)(b).  Western was subsequently placed into liquidation on September 13, 2011.  See generally id. §§ 31A-27a-401 et seq.  Commissioner Gooch was appointed the liquidator of Western and "vested with all the rights of the one or more entities in receivership."  See id. § 31A-27a-405(2).

On January 26, 2012, counsel for the plaintiffs filed written consent forms in both cases.  On January 27, 2012, counsel for the Liquidator likewise filed written consent forms in both cases.  On May 24, 2012, on the record in open court, counsel for the Liquidator confirmed that the Liquidator's consent was intended to

- 7 -

be on behalf of Western as well.  Based on this representation, the incapacity of Western as an insurer in receivership, and the Liquidator's being "vested with all the rights" of Western by the law of its state of domicile, the Court FINDS that all parties have consented to proceed before a United States Magistrate Judge pursuant to Section 636(c) and Rule 73.

Second, the Court notes that the undersigned was specially designated to exercise consent jurisdiction in both cases by orders signed by the Honorable Robert G. Doumar, Senior United States District Judge, on March 5, 2012, and filed by the Clerk on March 7, 2012.

Accordingly, the Court FINDS that the undersigned's exercise of consent jurisdiction in these cases is appropriate.

### III. **ANALYSIS**

"Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." GlobalSantaFe Corp. v. GlobalSantaFe.com, 250 F. Supp. 610, 612 n.3 (E.D. Va. 2003).  Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although the Court "must accept the facts alleged in a complaint as true and construe them in the light most favorable to the plaintiff," Coleman v. Md. Ct. App., 626 F.3d 187, 188 (4th Cir. 2010), threadbare "legal conclusion[s] . . . [are]

- 8 -

not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).  Moreover, the well-pleaded facts of a complaint must permit the court to infer the plausibility rather than the mere possibility of misconduct entitling the plaintiff to relief.  <u>Id.</u>; <u>Coleman</u>, 626 F.3d at 190; <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009).

To state a valid Miller Act claim, a plaintiff must sufficiently allege that: (1) it supplied labor or materials "in carrying out work provided for in a contract for which a payment bond [was] furnished under section 3131"; (2) it has not been paid; (3) it had a good faith belief that the labor or materials supplied were intended for the specific work; and (4) the jurisdictional requisites of the Miller Act have been met.   40 U.S.C. § 3133(b)(1); <u>U.S. ex rel. Polied Envtl. Servs., Inc. v. Incor Grp., Inc.</u>, 238 F. Supp. 2d 456, 460 (D. Conn. 2002).

Both complaints sufficiently allege these elements.   Both plaintiffs allege that they supplied labor and materials in performing work on the Project, and that Key Turf failed to pay them for the work performed and materials supplied.   Both plaintiffs allege that the work performed and materials supplied were for use on this specific Project, as provided for in their respective subcontracts.   Finally, both plaintiffs filed suit within one year after the last day upon which they each performed labor or supplied materials in connection with the Project.

Accordingly, both plaintiffs have stated valid Miller Act claims against Western.

Upon request for default judgment, a court may not award an amount in excess of that sought in the pleadings, and it must make an independent determination of the appropriate amount of damages to be awarded. See Fed. R. Civ. P. 8(b)(6); Fed. R. Civ. P. 54(c).

The Miller Act provides that an aggrieved party may bring action "on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due." 40 U.S.C. § 3133(b)(1). In their complaints and motions for default judgment, Asphalt seeks damages in the amount of $60,956.49 and Middleton seeks damages in the amount of $178,876.00. Both plaintiffs have submitted invoices and other documentary evidence to support the damages claimed. Moreover, the Liquidator stipulated on the record in open court on May 24, 2012, that these damages amounts were correct.

Accordingly, the Court FINDS that plaintiff Asphalt Roads and Materials Co., Inc. is entitled to recover damages in the amount of $60,956.49 from defendant Western Insurance Company. The Court further FINDS that plaintiff E.G. Middleton, Inc. is entitled to recover damages in the amount of $178,876.00 from defendant Western Insurance Company.

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS the following:

1.     Plaintiff Asphalt Roads and Materials Co., Inc.'s Amended Motion for Default Judgment (Case No. 2:11cv491, ECF No. 33) is GRANTED and the Clerk is DIRECTED to enter judgment in the amount of $60,956.49 for the plaintiff as against defendant Western Insurance Company in Case No. 2:11cv491.

2.     Plaintiff E.G. Middleton, Inc.'s Motion for Default Judgment (Case No. 2:11cv495, ECF No. 22) is GRANTED and the Clerk is DIRECTED to enter judgment in the amount of $178,876.00 for the plaintiff as against defendant Western Insurance Company in Case No. 2:11cv495.


IT IS SO ORDERED.

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July 18, 2012